UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DARRYL BOYD,

    Plaintiff,

v.                                      CASE NO.:

WELLS FARGO BANK, N.A.,

    Defendant,
_____/

## COMPLAINT

COMES NOW, Plaintiff, Darryl Boyd, by and through the undersigned counsel, and sues Defendant, WELLS FARGO BANK, N.A., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like WELLS FARGO BANK, N.A. from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

1

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Clayton County, Georgia. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Georgia, residing in Clayton County, Georgia.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, WELLS FARGO BANK, N.A., is a corporation which was formed in California with its principal place of business located at 420

Montgomery Street, San Francisco, CA, 94163 and which conducts business in the State of Georgia through its registered agent, Corporation Service Company, located at 40 Technology Parkway, South Suite 300, Norcross, GA, 30092.

11. WELLS FARGO BANK, N.A. called Plaintiff approximately nine hundred (900) times since March 1, 2015, in an attempt to collect a debt.

12. Upon information and belief, some or all of the calls WELLS FARGO BANK, N.A. made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that his knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line and/or he received prerecorded messages from WELLS FARGO BANK, N.A..

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (201) ***-7667, and was the called party and recipient of Defendant's calls.

14. Beginning on or about March 1, 2015, WELLS FARGO BANK, N.A. began bombarding Plaintiff's cellular telephone (201) ***-7667 in an attempt to collect on a mortgage loan.

15. Defendant knowingly and/or willingly harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to three (3) times a day from approximately March 1, 2015 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort to the collection of the subject account.

16. On or about April 1, 2015 Plaintiff first requested that the calls to his cell phone cease by stating "please stop calling my cell phone". The Plaintiff orally revoked his consent to be called by the Defendant at least two (2) additional times in an effort to stop the collection calls by stating "I talked with a representative a week ago and I instructed him again to stop calling me. Why are you guys still calling me? Please stop calling me".

17. Each of the auto dialer calls the Defendant made to the Plaintiff's cellular telephone after approximately April 1, 2015 were done so after he had revoked consent.

18. The auto dialer calls from Defendant came from the telephone number including but not limited to (800) 678-7986, and when that number is called a pre-

recorded voice answers and identifies the company as "Wells Fargo Home Mortgage".

19. Despite the Plaintiff's multiple requests for the calls to stop, the Defendant continued to call the Plaintiff.

20. The Plaintiff received an estimated eight hundred (800) calls from the Defendant between the time he initially revoked consent to be called on or about April 1, 2015 and the filing of this law suit and estimates dozens of other calls before that time period.

21. Despite Plaintiff informing Defendant to stop calling, the Defendant called the Plaintiff repeatedly, including but not limited to calls Plaintiff was able to log on May20, 2016; May 21, 2016; May 22, 2016; May 23, 2016 and May 24, 2016.

22. WELLS FARGO BANK, N.A. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

23. WELLS FARGO BANK, N.A. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or WELLS FARGO BANK, N.A., to remove the number.

24. WELLS FARGO BANK, N.A.'s corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to WELLS FARGO BANK, N.A. they do not wish to be called.

25. WELLS FARGO BANK, N.A. has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

26. WELLS FARGO BANK, N.A. has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

27. WELLS FARGO BANK, N.A. has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

28. WELLS FARGO BANK, N.A.'s corporate policy provided no means for Plaintiff to have Plaintiff's number removed from WELLS FARGO BANK, N.A. call list.

29. WELLS FARGO BANK, N.A. has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

30. Not one of WELLS FARGO BANK, N.A.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

31.     WELLS FARGO BANK, N.A. willfully and/or knowingly violated the TCPA with respect to Plaintiff.

32.     From each and every call placed without express consent by WELLS FARGO BANK, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

33.     From each and every call without express consent placed by WELLS FARGO BANK, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from WELLS FARGO BANK, N.A. call.

34.     From each and every call placed without express consent by WELLS FARGO BANK, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time she spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

35. Each and every call placed without express consent by WELLS FARGO BANK, N.A. to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

36. Each and every call placed without express consent by WELLS FARGO BANK, N.A. to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

37. Each and every call placed without express consent by WELLS FARGO BANK, N.A. to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

38. Each and every call placed without express consent by WELLS FARGO BANK, N.A. to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

39. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal

and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing the risk of personal injury due to distraction, and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

40.     Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

41.     WELLS FARGO BANK, N.A. willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified WELLS FARGO BANK, N.A. that Plaintiff wished for the calls to stop

42.     WELLS FARGO BANK, N.A. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against WELLS FARGO BANK, N.A. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Octavio Gomez, Esquire*
Octavio "Tav" Gomez, Esquire
Georgia Bar #: 617963
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
tgomez@forthepeople.com
amferrera@forthepeople.com
amoore2@forthepeople.com
Attorney for Plaintiff